## No. 414.

### A. T. MATHER, Agent, Etc. *v.* J. N. SCHROEDEL. MRS. KITTY McEACHREN, Intervenor.

1. Plaintiff claimed ownership, as third person, of property seized within fifteen days after removal, for rent, and defendant filed general denial ; upon trial (and after admission that the property in question was at the time of plaintiff's acquisition upon the premises leased) defendant moved to strike out and exclude plaintiff's evidence, upon the ground that, in any event, said property was subject to the lessor's privilege—held, this motion, sustained by the Court, had the effect of narrowing the controversy to the issue alone presented by said motion.

2. Immediately upon removal from the leased premises, the property of a third person ceases to be subject to the lessor's privilege ; and this although, when acquired by such third person, it belonged to the lessee, and was consequently subject to the privilege.

*Appeal from Civil District Court, Division B. Houston, J.*

*W. S. Benedict* for plaintiff.

*S. S. Carlisle* and *J. D. Coleman* for defendant.

KELLY, J.—A. T. Mather, as agent of the heirs of M. A. Douglas, and in that capacity lessor to the defendant, J. N. Schroedel, of the premises No. 120 St. Andrew Street, in the City of New Orleans, sued the latter for rent; and, under a writ of provisional seizure, caused the sheriff to seize and take into his possession certain furniture and effects which, at the time of the seizure, were at No. 298 Bienville street, but which, it is claimed on behalf of the plaintiff, were subject to the landlord's lien and privilege for rent of the premises No. 120 St. Andrew, by reason

of their having been upon said premises, and having been removed therefrom within fifteen days prior to the seizure, without the consent of the lessor.

The plaintiff's proceedings were instituted on the 27th of November, 1883, and on the 3d of December following, Mrs. Kitty McEachren filed therein her petition of intervention and third opposition, claiming that the furniture and effects seized by the sheriff on the 27th of November, 1883, at No. 298 Bienville street, were her property and in her actual possession at the time of the seizure; that they were her sole property, by real, *bona fide* title, she having acquired the same, in great part, by purchase from John N. Schroedel at a just price and for valuable consideration, and a smaller portion from other persons, all before the said seizure was made. She prays for judgment releasing the property to her and quieting her in her title and possession of it, etc.

To this petition the plaintiff filed an exception for vagueness and generality, coupled with a prayer for oyer of intervenor's title; and the exception having been sustained, with leave to the intervenor to amend, she thereupon filed an amended and supplemental petition, wherein, for greater certainty, she says, in substance, that she had acquired the articles seized by the sheriff on the 27th of November, 1883, under the writ of provisional seizure, by purchase from John N. Schroedel, on the 23d of November, 1883, as per act of sale executed the same day before Fred. Zengel, Notary Public, a duly certified copy of which is annexed to the amended answer; that all the furniture and effects named in the inventory annexed to her original petition were acquired by said purchase, except some few articles, which are enumerated.

To the original and amended petitions of intervention, the plaintiff filed an answer, pleading the general issue, and averring " that the alleged sale declared upon and gifts stated, are simu lated, null and void, and same are liable to plaintiff's privilege herein."

Upon these pleadings, and a general denial filed by the defendant, Schroedel, the case went to trial. After the plaintiff had

produced his evidence and rested, the stenographer's report states the proceedings as follows:

"Mrs. Kitty McEachren, intervenor, sworn and examined in her own behalf.  Resides at 298 Bienville street.

(Mr. Carlisle offers in evidence, in connection with the provisional seizure, the inventory made by the sheriff of the property seized, marked C.  Mr. Carlisle also offers in evidence the act of sale of movable effects from John N. Schrodel to Mrs. Kitty McEachren, dated 23d of November, 1883.)

[*Note.*—It is admitted that the furniture described in this act was in the house 120 St. Andrew street at the time of the sale.]

Counsel for plaintiff, Mr. Benedict, moves to strike out the intervention and to exclude any evidence thereunder, upon the ground the property was in the leased premises, with the consent of all parties in interest, and was liable to the lien of the landlord, and it does not appear that there was any change of ownership after it had been removed from the leased premises to No. 298 Bienville street, and that the seizure was thereafter made of that furniture within fifteen days after its removal; namely, the day after its removal."

This motion to strike out the intervention must be regarded as tantamount, in intended legal effect to an exception, that the matters averred in the petitions of intervention, coupled with the admission that the furniture in question was in the leased premises when purchased by the intervenor, did not constitute a cause of action entitling the intervenor to the relief sought by her intervention.  By the motion to strike out the intervention and to exclude all evidence thereunder, the plaintiff is to be held to have elected to rest his defence to the intervention upon the ground that the averments of the petitions, coupled with the admission, showed no cause of action in the intervenor, whose pleadings might have been struck out upon that ground; and by so electing to rest his defence upon that ground, he is by inevitable implication to be held to have abandoned the issues joined with the intervenor upon the pleadings to be stricken out, which issues involved the question of the reality or simula-

tion, *bona fides* or bad faith, of the title averred by the intervenor.

The ruling upon the motion was as follows: "The Court maintains the motion to exclude the testimony of the intervenor, so far as that testimony would seek to show any title in her to part of the movables to the prejudice of the lien of the lessor on the movables for his rent; and this ruling is made on the ground, that if the intervenor purchased, as is admitted, movables on leased premises, that those movables are liable to the lessor's lien and privilege for the rent, and continue liable to that lien for the rent for fifteen days after they have been removed from the leased premises.

"The Court reserves the right to the intervenor to give evidence now to show her title to the property as against Schroedel, and her title to the balance of the proceeds of the property, if any, after the lien and privilege of the landlord is satisfied.

"Counsel for intervenor offers in evidence, as against Schroedel, the act of sale of the property marked 'D,' to which no objection is made."

There was judgment below for the plaintiff against the defendant; Schroedel, with lien and privilege on the property provisionally seized, and there was judgment further, that Mrs. Kitty McEachren be recognized as owner of the furniture described in the act of sale, made part of her petition, subject, however, to the lessor's lien and privilege on said furniture for the payment of the judgment, the plaintiff to recover costs.

From this judgment the intervenor appealed.

By election of the plaintiff, in moving to strike out the intervenor's pleadings, all issues of fact which had been joined upon said pleadings, were necessarily waived and abandoned, and a defence to the intervention, in the nature of an exception of no cause of action, or demurrer, was substituted in lieu of the grounds of defence before set up.

All other questions being thus eliminated from the cause, it was narrowed down to a controversy upon a question of law, which may be stated thus: Does, or does not, the landlord's lien attaching to movables on leased premises which have been sold

while still in the premises, by the tenant to a third person, in
good faith and for value, adhere to such movables for fifteen
days after their removal from the leased premises?

Privileges are *strictissimi juris*. They are in all cases the crea-
tion of positive and express law, and can never exist or be ex-
tended by implication, inference, construction or analogy. The
law which grants the lessor a privilege and lien on the property
of others than his tenant, when on the leased premises, with the
consent of the owner, is entirely clear; but the privilege is given
only when "the goods are contained in the house or store." C. C.
Art. 2706.

There is no room for doubt that a third person who purchases
property upon leased premises from the tenant acquires it
subject to the lien of the landlord, and that it remains subject to
such lien as long as it is left upon the leased premises. The law
gives the lessor a lien upon the movables not only as long as
they are on the leased premises, but as to movables *of the lessee*,
it is provided that, in the exercise of this right of lien, he may
seize the objects which are subject to it, within fifteen days after
they are taken away, but it is stated in plain terms, that this
may be done if the objects "continue to be the property of the
lessee and can be identified." C. C. Art. 2709.

Obviously, it may not be done if, before seizure, the objects had
ceased to be the property of the tenant, either before or after
their removal from the leased premises.

Merrick, Race & Foster vs. La Hache, 27 La. An. 87; St.
Charles Hotel Co. vs. Tarbox, 23 La. An. 715; Tillman vs. Short,
26 La. An. 512; Hughes vs. Caruthers, Hennen op., 26, 530;
Burley vs. Quick, 28 La. An. 432.

These decisions all hold, distinctly, that the landlord's lien
does not adhere, for any time, to the property of persons, other
than the lessee, after removal from the premises, but ceases
upon removal.

Desbau vs. Pickett, 16 La. An. 350, which appears to be some-
what relied on by counsel for the appellant, is not at variance
with the decisions above cited, but in entire accord with them.

The Court, in that case, very properly held that there was no conflict between the provisions of Art. 2679 of the Civil Code and those of Art. 288 of the Code of Practice; that they were to be construed together as laws in *pari materia*, so as to allow all the provisions of both Articles operation and effect.

"The only question, therefore, for determination," said the Court, "is, whether the provisions contained in these Articles of the Codes, are inconsistent or irreconcilable with one another. There is no necessary inconsistency or repugnancy between them, for the provisions of Article 288 of the Code of Practice, may be incorporated with Article 2679 of the Civil Code, and be consistent and harmonious with the latter Article; and if incorporated would read as follows :

"In the exercise of the right, the lessor may seize the objects which are subject to it, before the lessee takes them away, or within fifteen days thereafter if they continue to be the property of the lessee and can be identified." "The lessor may seize, even in the hands of a third person, such furniture as was in the house leased, if the same has been removed by the lessee, provided he declare on oath that the same has been removed, without his consent, within fifteen days previous to his suit being brought.

"And if thus incorporated, the general term '*third person*,' would apply to depositaries, bailees, pledgees, and all other *except purchasers* of the effects removed by the lessee, and force and effect would be given to all the provisions of both Articles, which could not be done if they were repugnant to and inconsistent with each other."

We are of opinion that there is error in the judgment of the lower court in holding, upon the case as submitted, that the property, adjudged to be the property of the intervenor, was subject to the landlord's lien and privilege upon it asserted by the plaintiff.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from herein, in so far as it recognizes a lien and privilege in favor of the plaintiff, A. T. Mather, agent of the heirs of M. A. Douglas, upon the property decreed to be the property

of the intervenor, Mrs. Kitty McEachren, and described in the judgment, be reversed and avoided, and that there be judgment here in favor of the intervenor and against the plaintiff rejecting said claim of plaintiff as against the intervenor, with all costs of both Courts; and that in all other respects the judgment of the lower court be affirmed.